# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 30, 2010

Lyle W. Cayce
Clerk

No. 09-10489
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ERICKA ANDERSON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:08-CR-332-1

Before  BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Ericka Anderson appeals the sentence imposed following her guilty plea conviction for bank fraud and aiding and abetting . She contends that the district court clearly erred when it denied her a minor role reduction under U.S.S.G. § 3B1.2(b).  She argues that she acted under the direction of others, did not recruit or supervise others to participate, and did not profit from the bank fraud scheme.  She asserts that, relative to other participants in the scheme, her role was considerably more peripheral to its success.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court must apply the Sentencing Guidelines and calculate the advisory range correctly. *United States v. Williams*, 520 F.3d 414, 422 (5th Cir. 2008). Whether the defendant is a minor participant is a factual determination that we review for clear error. *United States v. Villanueva*, 408 F.3d 193, 203 (5th Cir. 2005). "A factual finding is not clearly erroneous if it is plausible in light of the record read as a whole." *Id.*

Anderson has not shown that the district court clearly erred in finding that she was not entitled to a minor role reduction under § 3B1.2(b). She admittedly changed the addresses associated with dormant credit card accounts and altered the identities of the authorized users on those accounts to enable fraudulent purchases to be made by others affiliated with the scheme. She also monitored the accounts and, if necessary, modified the contact information associated with the accounts to insure that the existence of the scheme was not discovered by the true account holders. As the individual with the ability to access and modify the dormant accounts, Anderson was central to the bank fraud and her role was clearly "coextensive with the conduct for which [s]he was held accountable." *United States v. Garcia*, 242 F.3d 593, 598-99 (5th Cir. 2001). Although Anderson may have been less culpable than others involved in the scheme, her activities were not peripheral to its advancement. *See Villanueva*, 408 F.3d at 203-04. Because Anderson was not substantially less culpable than the average participant, the district court did not clearly err when it denied her a two-level reduction under § 3B1.2(b). *See id.* Accordingly, the district court's judgment is AFFIRMED.